Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL XII**

| LUIS ÁNGEL CORTÉS GARCÍA<br><br>Apelada<br><br>v.<br><br>B&N ASSET MANAGEMENT LLC<br><br>Apelante | KLAN202500021 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: CA2023CV01036 (CIVIL 401)<br><br>Sobre: DESPIDO INJUSTIFICADO (LEY 80-1976), REPRESALIAS (LEY 115-1991) |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de marzo de 2025.

El apelante, B&N Asset Management Group LLC h/n/c Marisquería La Atlántica, solicita que revoquemos la *Sentencia* emitida el 11 de diciembre de 2024, en la que el Tribunal de Primera Instancia, Sala de San Juan (TPI), declaró *Ha Lugar* la *Demanda* al concluir que el despido del señor Luis A. Cortés García (en adelante, señor Cortés García o apelado) fue injustificado. Los hechos procesales relevantes a la determinación que hoy tomamos se detallan a continuación.

**I**

El 5 de abril de 2023, el señor Cortés García, presentó la *Demanda* del epígrafe por despido injustificado.[2] En específico, estableció que era empleado de Marisquería Atlántica, restaurante que maneja B&N Asset Management Group LLC, desde el 3 de octubre de 1987 hasta el 1 de julio de 2021. Según alegó fue

---

[1] La integración del panel se modificó mediante orden administrativa OATA-2025-013 efectivo el 6 de febrero de 2025.
[2] Apéndice 3 del *Recurso de Apelación,* págs. 12-15.

despedido sin que mediara justa causa por no vacunarse contra el COVID-19, en contravención con la Ley 80 de 30 de mayo de 1976 (29 LPRA § 185a *et seq.*), mejor conocida como la *Ley Sobre Despidos Injustificados.* Por su parte, el 23 de agosto de 2023, el apelante presentó su *Contestación a Demanda.*[3] En esta, sostuvo que el despido fue justificado por no haber cumplido con la política de vacunación de la empresa.

Luego, el 27 de noviembre de 2023, se celebró Vista Inicial en la que se concedió tiempo adicional a las partes para contestar el descubrimiento de prueba.[4] No obstante, tras el incumplimiento del apelante con la entrega de la contestación a interrogatorio, el 14 de diciembre de 2023, el señor Cortés García presentó *Moción Informativa y en Solicitud.*[5] Ese mismo día, el TPI ordenó al apelante presentar la contestación al descubrimiento de prueba en el término de cinco (5) días.[6] Ante dicha orden, éste presentó la correspondiente contestación al descubrimiento de prueba.

Así las cosas, el 4 de junio de 2024, las partes presentaron el Informe de Conferencia con Antelación a Juicio, el cual fue discutido en la vista del 5 de junio de 2024.[7] En dicha ocasión, se le concedió a la parte apelante hasta el 20 de junio de 2024 para presentar la sentencia sumaria y se señaló el juicio en su fondo para el 2 de octubre de 2024.

Por consiguiente, el 20 de junio de 2024, el apelante presentó *Solicitud de Sentencia Sumaria,* en la que argumentó que el despido se debió a la actitud contumaz y temeraria del señor Cortés García al negarse a vacunarse contra el Covid-19.[8] El 10 de julio de 2024, el apelado presentó *Oposición a Solicitud de Sentencia Sumaria,* en

---

[3] Apéndice 4 del *Recurso de Apelación,* págs. 16-22.
[4] Apéndice 3 de la *Oposición al Recurso de Apelación,* págs. 4-5.
[5] Apéndice 4 de la *Oposición al Recurso de Apelación,* pág. 6.
[6] Apéndice 5 de la *Oposición al Recurso de Apelación,* pág. 7.
[7] Apéndice 7 de la *Oposición al Recurso de Apelación,* págs. 9-10.
[8] Apéndice 5 del *Recurso de Apelación,* págs. 23-33.

la que alegó la falta de justificación para despedir al apelado por no vacunarse tras una alegada política de vacunación arbitraria y caprichosa.[9]

Así pues, el 27 de septiembre de 2024, el TPI dictó *Resolución* en la que determinó que el despido del apelado fue injustificado, por lo que la mesada y la acción de represalia se determinaría en el juicio.[10] Llegado ese día, las partes aclararon que el caso solo sería bajo la Ley 80-1976, *supra,* y en torno a la mesada se acordó someter memorando de derecho sobre las horas a ser calculadas con el cómputo.[11] Finalmente, el 11 de diciembre de 2024, el TPI dictó *Sentencia* en el caso de epígrafe condenando al apelante al pago de $53,750.00 por concepto de mesada, más el pago de $8,062.50 por concepto de honorarios de abogados.[12]

Inconforme, B&N Asset Management Group LLC acudió ante este Tribunal mediante recurso de *Apelación,* en el que alega que:

> ERRÓ EL TPI AL CONCLUIR QUE EL DESPIDO DEL DEMANDATE FUE INJUSTIFICADO.

> ERRÓ EL TPI AL CONCLUIR QUE LA POLÍTICA DE VACUNACIÓN OBLIGATORIA PARA PREVENIR LA PROPAGACIÓN DEL COVID-19, EN PLENA PANDEMIA, ES UNA POLICITICA IRRAZONABLE.

En réplica, el señor Corte García presentó su *Oposición* y *Solicitud de Desestimación* en la cual alegó que no tenemos jurisdicción, ya que el apelante notificó fuera de término la presentación del recurso, en incumplimiento con la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.[13] Por su parte, el apelante presentó la *Oposición a Solicitud de Desestimación* en la que expresó las razones para su notificación tardía.

---

[9] Apéndice 6 del *Recurso de Apelación,* págs. 34-46.
[10] Apéndice 2 del *Recurso de Apelación,* págs. 4-11.
[11] Apéndice 8 de la *Oposición al Recurso de Apelación,* págs.11-13.
[12] Apéndice 1 del *Recurso de Apelación,* págs. 1-3.
[13] Véase, Apéndice 1 y 2 de la *Oposición al Recurso de Apelación,* págs.1-3.

## II

### A. La Jurisdicción de los Tribunales

La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos o controversias. Los tribunales tienen la responsabilidad indelegable de examinar en primera instancia su propia jurisdicción y la del foro de donde procede el recurso ante su consideración. La obligación ministerial de los tribunales de auscultar la jurisdicción es insoslayable, aun si no ha sido planteada por las partes. La falta de jurisdicción incide sobre el poder mismo de los tribunales para adjudicar una controversia. Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. Su presentación carece de eficacia y no produce ningún efecto jurídico, porque no ha nacido la autoridad judicial o administrativa para acogerlo. Si el tribunal no tiene jurisdicción, solo le resta declararlo y desestimar la reclamación sin entrar en sus méritos. Los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500-501 (2019).

### B. Notificación Defectuosa de las Resoluciones, Órdenes y Sentencias

La notificación de las resoluciones, órdenes y sentencias es parte del derecho al debido proceso de ley de todas las partes en el pleito. A través de la notificación, el ciudadano afectado se entera de la decisión final en su contra. El deber de notificar a las partes no es un mero requisito. La importancia de la notificación recae en su efecto sobre los procedimientos posteriores al dictamen final de un proceso adjudicativo. La falta de notificación adecuada priva el derecho de una parte a cuestionar el dictamen emitido y debilita las garantías del debido proceso de ley. La correcta y oportuna notificación de las órdenes y sentencias es un requisito *sine qua non* de un ordenado sistema judicial. Su omisión puede conllevar

graves consecuencias, demoras e impedimentos en el proceso judicial e incertidumbre sobre cuándo comienza el término para solicitar revisión a un tribunal de mayor jerarquía. *Dávila Pollock et als. v. R.F. Mortgage,* 182 DPR 86, 94 (2011). Una notificación defectuosa paraliza el término para acudir en revisión ante el Tribunal de Apelaciones. *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 39 (2000).

**C. Notificación del recurso de apelación y justa causa**

Las normas sobre el perfeccionamiento de un recurso apelativo deben observarse rigurosamente y su cumplimiento no está al arbitrio de las partes o sus abogados, *Freire Ruiz v. Morales Román*, 2024 TSPR 129: *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013). Para que se perfeccione un recurso presentado ante el Tribunal de Apelaciones, es necesario la oportuna notificación del escrito a las partes apeladas. *Freire Ruiz v. Morales Román, supa: González Pagán et al. v. SLG Moret-Brunet*, 202 DPR 1062, 1070-1071 (2019). En específico, la Regla 13 del Reglamento del Tribunal de Apelaciones, *supra,* dispone lo concerniente a la notificación de las partes:

> Regla 13 — Término para presentar la apelación
> (A) Presentación de la apelación
> .     .     .     .     .     .     .     .     .
>
> (B) Notificación a las partes
>     (1) Cuándo se hará
>     La parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento.
>     La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos.
>     .     .     .     .     .     .     .     .     .
>
>  Regla 14 — Presentación y notificación
>     .     .     .     .     .     .     .     .     .
>
>     Tales mociones y escritos serán notificados simultáneamente a las partes, y en la moción o escrito se certificará la forma en que se hizo la notificación.

De igual forma, el Tribunal Supremo de Puerto Rico resolvió en *González Pagán et al. v. SLG Moret-Brunet, supra,* y reitero en *Freire Ruiz v. Morales Román*, que la falta de oportuna notificación a

todas las partes en el litigio conlleva la desestimación del recurso de apelación. Véase, además, *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 550-551 (2017); *Pérez Soto v. Cantera Pérez, Inc. et al, supra*, pág. 105. Sencillamente, el recurso que no se notifica a todas las partes, priva de jurisdicción al Tribunal para ejercer su facultad revisora. Id.

Ahora bien, el incumplimiento de la debida notificación a las partes en la etapa apelativa no conlleva la desestimación automática, ya que el término concedido es de cumplimiento estricto y no jurisdiccional. *Freire Ruiz v. Morales Román, supra; Montañez Leduc v. Robinson Santana, supra*, pág. 550. En cuanto a los términos de cumplimiento estricto, los tribunales podrán eximir a una parte si están presentes dos (2) condiciones: "(1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida". Rivera Marcucci *et al.* v. Suiza Dairy, 196 DPR 157, 171 (2016); *Soto Pino v. Uno Radio Grp.,* 189 DPR 84, 93 (2013). Ahora bien, aun cuando un término de cumplimiento estricto no está atado al automatismo que conlleva un requisito jurisdiccional, el tribunal no puede prorrogarlo de forma automática. A esos efectos, solo puede extenderse si existe justa causa y, en ausencia de esta, solo procede la desestimación del recurso presentado. *Montañez Leduc v. Robinson Santana, supra*, págs. 550-551.

Precisa enfatizar en cuanto a los errores en la notificación que cuando ocurra una desviación de la norma o una tardanza tiene que justificarse debidamente, al momento de acreditar tal notificación al foro apelativo, pues de no mediar justa causa el recurso podría desestimarse. *Freire Ruiz v. Morales Román, supra*, citando a G. Coll Martí y N. Jiménez Velázquez, *Práctica Apelativa,* en *Perspectivas*

*en la práctica apelativa: 25 años del Tribunal de Apelaciones de Puerto Rico*, San Juan, Eds. SITUM, 2018, pág. 5.

La justa causa no se cumple con vaguedades, excusas o planteamientos estereotipados sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales. *Freire Ruiz v. Morales Román, supra*; *Garcia Ramis v. Serralles*, 171 DPR 250, 254 (2007). Por último, al considerar si medió justa causa, no será determinante el hecho de que el acto tardío no causara perjuicio indebido a las otras partes, ya que, de ser así, los términos de cumplimiento estricto se reducirían a meros formalismos que pueden derrotarse fácilmente. *Freire Ruiz v. Morales Román, supra*; *Rosario Domínguez et als. v. E.L.A. et al.*, 198 DPR 197, 211 (2017).

**III**

Examinado el expediente ante nos, resolvemos que B&N Asset Management Group LLC., no notificó en el término correspondiente el recurso al apelado, tal como lo requiere la Regla 33 del Reglamento del Tribunal de Apelaciones, *supra.* De hecho, este así lo acepto, en su Oposición a la Solicitud de Desestimación y en la cual adujo que no se percató que, al enviar su escrito de apelación, por correo electrónico, por el tamaño del archivo, no pasó. Así también explicó que los próximos dos días laborables a dicha fecha tampoco se percató pues no acudió a su oficina por estar haciendo gestiones para atender la inspección de su notaria. Tampoco acompañó con dicha moción evidencia en apoyo de sus planteamientos. Planteamientos que a este foro no le acreditan justa causa.  La notificación de un recurso apelativo puede cumplirse por diversos medios, pero ha de quedar claro que es responsabilidad de

la parte asegurarse que sea efectiva.  Las razones expuestas por la parte apelante, a nuestro entender no cumplen con el criterio de justa causa, más bien, constituyen excusas para subsanar el error de no haberse asegurado que el correo electrónico llegara a su destino.  Asunto que pudo haber sido descubierto el mismo día que se envió el correo en horas de la tarde, tan pronto el propio sistema notificó el problema, tan solo 1 minuto después de enviado. De modo que, la desestimación del recurso es la única alternativa posible ante la notificación tardía del apelante y la ausencia de justa causa. El incumplimiento del apelante con las disposiciones reglamentarias que gobiernan al perfeccionamiento de los recursos nos obliga a ordenar la desestimación por falta de jurisdicción.

**IV**

Por los fundamentos expresados, se desestima el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones